DECISION
Plaintiffs appeal the disqualification from farm use special assessment of 3.96 acres of farm land (subject property) identified as Account R15300 for the 2010-11 tax year. A telephone trial was held on March 24, 2011. Bandana Maitra (Maitra) appeared and testified on behalf of Plaintiffs. Paul van Dyk (van Dyk), Assistant County Counsel for Douglas County, appeared on behalf of Defendant. Erleen Simms (Simms), a farm/forest appraiser for Defendant, testified on behalf of Defendant. Plaintiffs did not submit exhibits. Defendant's exhibits A through G were admitted without objection. As a preliminary matter, Maitra stated that the subject property is now being farmed and inquired whether Plaintiffs would owe back taxes on the subject property; she stated that back taxes are Plaintiffs' primary concern. Van Dyk declined to respond to the question, stating that he could not provide Plaintiffs with legal advice. The court declined to respond to the question because the court cannot provide legal advice or advisory opinions.
 I. STATEMENT OF FACTS
The subject property consists of 3.96 acres of farm land that was disqualified from farm use special assessment by Defendant for the 2010-11 tax year. (Ptfs' Compl at 4.) Defendant's disqualification notice of June 11, 2010, states that *Page 2 
 "3.96 acres of farm land * * * has been disqualified by the Assessor for the following reason. Currently farmland is lying idle or is no longer in a qualifying use and has been disqualified from the following program: Exclusive Farm Use, ORS 308A.113(1)(a). The potential additional taxes for farm use disqualifications will be deferred under ORS 308A.706(1)(a) when farmland becomes idle and does not change to a different special assessment. In the future, if this land changes to an incompatible use the deferred additional taxes will become collectible."
(Id. (emphasis in original).)
Simms testified that the subject property is located on Old Garden Valley Road in the Exclusive Farm Use zone in Douglas County. Simms testified that Defendant disqualified the subject property in the 2010-11 tax year because Simms observed that the subject property was not in farm use during the 2009-10 tax year. Simms testified that she periodically inspects properties receiving farm use special assessment and that she personally observed the subject property in both 2008 and 2009. She testified that, prior to 2008, the subject property contained a peach orchard. She testified that Defendant's Exhibit F is an aerial photograph of the subject property taken in 2004 showing that the peach orchard was well-maintained and cultivated at that time. She testified that, in 2008, she observed that the subject property did not appear to be well-maintained or cultivated; peaches had not been harvested, many trees were dead or dying, and blackberry plants had begun to encroach upon the orchard. Simms testified that she visited the subject property in July 2009 and observed that peaches had again not been harvested, the trees were dead, and blackberry plants had completed overtaken the orchard. (See Def's Exs D and E (photographs of the subject property taken by Simms on July 16, 2009); Def's Ex G (aerial photograph of the subject property in 2009, showing the encroachment of blackberry plants).)
Plaintiffs do not personally farm the subject property; prior to and including 2009, Plaintiffs leased the subject property to a tenant farmer, Lee Sands (Sands). (Ptfs' Compl at 2; Def's Ex A.) Maitra conceded that the subject property was not farmed in 2009. Initially, Plaintiffs suggested that the subject property was "not kept up" because Sands "had broken his *Page 3 
foot and was unable to tend to the Peach orchard." (Id. at 2.) At trial, Maitra testified that Sands had been instructed by the county planning department "not to touch" the peach trees in "a 200 foot strip along the river" as a result of a "perc test" and because "it would ruin the soil." She testified that Sands did not understand that the instruction not to uproot the trees only applied to the 200 foot strip of trees along the river. Maitra testified that she spoke to an individual at the county who confirmed that the trees could not be removed. Maitra testified that, at the time Plaintiffs filed their Complaint, she thought that Sands' failure to maintain the subject property was due to his broken foot and only later learned of the "perc test."
Maitra testified that she visited the subject property in September and November 2010 and observed that the trees had been removed and the field had been plowed. Simms testified that, subsequent to the disqualification in June 2010, "the orchard has been removed" and the subject property "is all in farm use right now and being returned to special assessment for this next year." Simms testified that the current farm use of the subject property does not affect the disqualification in 2010-11 based on non-use during 2009.
 II. ANALYSIS
At issue in this case is the disqualification of the subject property from farm use special assessment for the 2010-11 year. "Any land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128, unless disqualified under other provisions of law." ORS 308A.062(1).[1] "Farm use" is defined by statute as "the current employment of land for the primary purpose of obtaining a profit in money." ORS 308A.056(1). Examples of activities that do and do not qualify as farm use are provided in ORS 308A.056. "The use of the word `current' refers to the present use of the land and suggest that the past or future use is largely irrelevant." Everhart v. *Page 4 Dept. of Rev., 15 OTR 76, 79 (1999). For purposes of determining farm use, "[t]he `day-to-day activities' * * * must be directed at achieving a profit." Ameral v. Dept. of Rev.,14 OTR 56, 60 (1996). Plaintiffs have the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence."Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971).
Pursuant to ORS 308A.113(1)(a), the subject property was disqualified from farm use special assessment in the 2010-11 tax year because the subject property was not employed in a qualifying farm use in 2009. Plaintiffs do not contend that the property was farmed during the 2009 tax year. Plaintiffs admitted that Sands did not farm the land in 2009 and provided various explanations for his failure to farm the subject property during that year. Ultimately, the statutory scheme requires that property be "used exclusively for farm use" in order to qualify for farm use special assessment. Plaintiffs have not established by a preponderance of the evidence that the subject property was used exclusively for farm use during 2009. Both parties testified that the subject property returned to farm use after June 2010; however, that is not relevant to whether the subject property was in farm use for tax year 2009-10. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on April 1, 2011. The Court filed and entered this documenton April 1, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1